## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK STEELE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. RWT-03-34 |
| | : | |
| DAVID KENNER | : | |
| | : | |
| and | : | |
| | : | |
| KELLER TRANSPORTATION, INC. | : | |
| | : | |
| Defendants. | : | |

ooooooo

## MEMORANDUM OPINION

Pending is Defendants' Motion to Alter or Amend Judgment Pursuant to Rule 59, or in the Alternative, For Relief Pursuant to Rule 60, From Order Denying Defendants' Bill of Costs. Having now been apprised of the offer of judgment made by Defendants to Plaintiff on August 28, 2003, the Court will grant the motion and award costs to Defendants in the amount of $6,638.00.

On August 28, 2003, Defendants tendered an offer of judgment to Plaintiff for $50,000.00. The offer was rejected by counsel for Plaintiff on September 29, 2003. On May 27, 2004, after a bench trial, judgment was entered in favor of Plaintiff and against Defendants in the amount of $46,667.37, with each party to bear his own costs.[1] Subsequently, Defendants submitted a timely Bill of Costs, and Plaintiff filed a response in opposition. On April 28, 2005, the Clerk entered an order denying taxation.

### I.  Background

Rule 54(d) of the Federal Rules of Civil Procedure provides that the prevailing party in a matter shall be able to recoup its costs unless the court otherwise directs. The United States Code, 28 U.S.C.

---

[1] The Fourth Circuit affirmed judgment April 20, 2005.

§1920, enumerates what expenses a judge may tax as costs.  Further, trial judges possess broad discretion to allow or disallow costs as set forth in § 1920. See Advance Business Systems & Supply Co. v. SCM Corp., 287 F. Supp. 143, 162 (D. Md. 1968).

In addition, Rule 68 of the Federal Rules of Civil Procedure encourages parties to settle and avoid the costs of litigation.  "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed R. Civ. P. 68.  In this district, the Court taxes costs in consultation with published guidelines. See "Taxation of Costs in a Civil Case in the United States District Court for the District of Maryland." (Clerk of the Court, D. Md. 2002).

## II.  Costs Requested

Defendants request $9,912.33.  This represents $9,334.05 for deposition expenses, $227.00 for a pre-trial transcript, and $351.28 for copying fees.

### A. Deposition Transcripts

The Court may tax deposition transcript costs under Fed R. Civ. P. 54(d) where they are necessary for the case.  See  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987); Cherry v. Champion Int'l Corp. 186 F.3d 442, 449 (4th Cir. 1999). To determine if a deposition expense is taxable, the Court will "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." See Advance Business Systems & Supply Co., 287 F. Supp. at 165; see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987).

In this matter, Defendants are requesting depositions expenses incurred after the August 28, 2003, offer of judgment.  The Court determines these depositions were reasonably necessary at the time of taking and will award costs in accordance with the guidelines promulgated in this district.[2]

---

[2]The cost of a deposition will be allowed at the lower of the actual cost or $3.50 per page. See "Taxation of Costs," at II.C. 4.c. The additional cost of an expedited transcript will be allowed only where it is clear that it was necessary or the parties agreed to the higher rate. Costs are not taxed for:

The following deposition transcripts will be taxed at the lower amount of actual cost or $3.50 per page.[3]

| Deponent | Pages | Cost Taxed |
|----------|-------|-----------|
| Dr. Joseph Palombi | 42 | $147.00 |
| Ray H. Gustavson | 101 | $353.50 |
| Albert F. Hein, Jr. | 48 | $168.00 |
| Ronald S. Hurt | 68 | $238.00 |
| Monica Green | 18 | $ 63.00 |
| Melinda Collins | 35 | $122.50 |
| Dr. Martin H. Stein | 251 | $878.50 |
| Roger W. Zavodosky | 36 | $126.00 |
| Olivia Smith | 37 | $129.50 |
| Dr. Karen Beliles | 6 | $ 21.00 |
| Dr. Karen Beliles | 166 | $581.00 |
| Dr. Mary Elizabeth Quig | 208 | $728.00 |
| David Kenner | 94 | $329.00 |
| Charles D. Keller | 69 | $182.25 |
| Dr. Bruce Rabin | 78 | $273.00 |
| Dr. Jonathan Amy | 85 | $297.50 |
| Dr. Sue E. Antell | 172 | $537.75 |
| Dr. P. Steven Macedo | 233 | $815.50 |
| Christian Burks | 57 | $199.50 |
| Christian Burks | 63 | $220.50 |

| | | |
|---|---|---|
| Total | | $6,411.00 |

**B. Pre-trial Hearing Transcript**

---

i) extra copies; ii) shipping and/or delivery charges; iii) exhibits; and iv) diskettes. See id at II.C.4.d.

[3] Taxation for the depositions of Charles Keller and Dr. Sue. E. Antell reflects the actual costs requested. The receipt filed for the deposition transcript of Dr. Michael Clark neither indicates the number of pages nor the cost per page charged. The Court is unable to tax costs for the Clark transcript absent this information. See "Taxation of Costs," II.C.4.f.

Taxation will be awarded for the pre-trial hearing transcript in the amount of $227.00.

### C. Copying Fees

The documentation provided by Plaintiffs is insufficient to determine the purpose, number of copies, and the per page rate sought. <u>See</u> Taxation of Costs, II.C.6. Accordingly, taxation for copying costs is denied.

### III. Conclusion

Taxation is allowed in the amount of $ 6,638.00. The remaining costs are disallowed. A separate Order follows.

<table>
<tr><td>___7/11/05___</td><td>_____/s/_____</td></tr>
<tr><td>Date</td><td>ROGER W. TITUS<br>UNITED STATES DISTRICT JUDGE</td></tr>
</table>

4